[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs reside at 560 Chapel Street in New Haven, the rear of their property adjoining the property of the defendant which fronts on Wooster Street.
It is the claim of the plaintiffs that the defendant "has permitted her property to be used as a gathering place for unruly mobs of people and as a place where fireworks are ignited, exploded and launched."
The defendant's property — a wide driveway serving a row of garages and bordering a package store — is bounded by a small city park. This park is the focal point for the Fourth of July fireworks activity. This activity, though not sanctioned by the City of New Haven, enjoys a unique status of benign indifference insofar as municipal agencies are concerned. The fire and police departments apparently decided long ago that it was impractical, if not impossible, to end these fireworks convocations. On one occasion some years ago a hundred riot police were unsuccessful in cooling the patriotic ardor of the neighborhood youths, adults and visitors.
It is interesting that the plaintiffs have not joined the City in these proceedings, though it is admitted that the relief they seek is only to curtail firework operations on the defendant's property. These July Fourth activities are well organized and CT Page 8619 include hundreds of people. The park and the defendant's property are actually sectioned off by a rope barrier to prevent injuries to the onlookers.
In this setting, the plaintiffs seek a permanent injunction, with an order that the defendant post "No Trespassing" and "No Fireworks" signs and place saw-horse barriers across the open end of the driveway and along part of the park property.
 I.
Having heard the plaintiffs and a representative of the New Haven Police Department describe this holiday activity, the court finds it hard to believe that signs and saw-horses will keep these participants from entering onto the defendant's property and shooting off fireworks. The plaintiffs themselves describe the participants as "an unruly mob of people". The fireworks are exploded throughout the area and the plaintiffs' evidence depicts debris from massive quantities of fireworks of all sizes, shapes and forms.
What the police have been unable to achieve, the plaintiffs suggest can be accomplished by court ordered signs and barriers. It should be noted that even with these barriers, people could come onto the defendant's property very easily by traversing the low fence along the park property. There is no evidence to suggest that the defendant and/other agents are in anyway encouraging the activity in question.
It is basic that an injunction should not be issued when it will not achieve the desired result. Karls v. Alexandria Realty Corp., 179 Conn. 390, 403 (1980).
It is wishful thinking, or at best conjecture or speculation, to suggest that signs and barriers will accomplish the result the plaintiffs seek.
The plaintiffs' relief in the form of an injunction to order the defendant to take affirmative steps could be denied on this ground alone.
 II.
In considering whether to grant injunctive relief, the court utilizes its discretion and "in exercising that discretion, the CT Page 8620 court must balance the competing interests of the parties." Duke v. Durante, 192 Conn. 207 (1984).
In the present situation, the plaintiffs have chosen to turn to this defendant and seek relief in dubious form, while virtually ignoring the role of the City of New Haven in their discomfort.
The defendant argues effectively that the plaintiffs should seek to have the statutes and ordinances enforced by the proper city officials. The court posed the question to the plaintiffs' counsel, asking why the City was not joined in this action.
It is the court's conclusion that the plaintiffs have an adequate remedy at law available to them. Having chosen not to pursue it, they cannot now expect this court to exercise its discretion in their favor. Cahill v. Board of Education of the City of Stamford, 187 Conn. 94 (1980).
Conclusion
For the reasons cited above, the plaintiffs' prayer that an injunction issue is denied. Judgment may enter for the defendant on the amended complaint, sounding in nuisance.
Anthony V. DeMayo, Judge